**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **KELLY LITTLEFIELD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. 2 - 0 6 C V - 3 4** |
| | § | |
| **LONGVIEW REGIONAL MEDICAL** | § | |
| **CENTER and REGIONAL HOSPITAL OF** | § | **Jury requested** |
| **LONGVIEW, L.L.C.** | § | |
| | § | |
| **Defendants.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, **KELLY LITTLEFIELD**, Plaintiff, who complains of **LONGVIEW REGIONAL MEDICAL CENTER** and **REGIONAL HOSPITAL OF LONGVIEW, L.L.C.,** Defendants, and would show the Court as follows:

### I. PARTIES

1       Plaintiff, Kelly Littlefield, is an individual who is a citizen of the State of Texas.

2       Defendant, Longview Regional Medical Center, is a Texas hospital and may be served with process by serving its register agent for service of process, Betty Hunt, at 2901 N. 4th St., Longview, Texas 75605  Plaintiff requests service by any method authorized by law

3.      Defendant, Regional Hospital of Longview, L L C , is a limited liability corporation and may be served with process by serving its registered agent for service of process, Corp. Service Co , 701 Brazos St , Ste  1050, Austin, Texas 78701.

## II.  **JURISDICTION**

4.      The Court has jurisdiction over the lawsuit because the action arises under the Family and Medical Leave Act (FMLA), 29 U S C. §2601 et seq

### III.  **FACTS**

5.      Defendants employed Plaintiff as a pharmacy technician from 1996 until 2005. On Friday, August 26, 2005, Defendants fired Plaintiff. The stated reason for the termination was that Plaintiff missed two days of work. The days Plaintiff missed were August 23, 2005, and August 24, 2005

6.      On August 22, 2005, however, Plaintiff presented his supervisor with a note from Dr. Perry C Lewis, who is a gastroenterologist in Longview The note states that Plaintiff will be under Dr. Lewis's care "from: 8/23/2005 to: 8/24/2005 " Dr Lewis authorized Plaintiff to return to work on August 25, 2005. The reason for the care was "to have colonoscopy." Attached as Exhibit "A" is a true and correct copy of the August 22nd note from Dr. Lewis.

7.      In addition to presenting Defendants with the doctor's excuse, Plaintiff informed Defendants and its representatives that he had been in the emergency room the weekend before August 22nd. While at the emergency room, Plaintiff's physician told him that he needed to have a colonoscopy. Plaintiff went to the emergency room because he was having significant stomach pain The colonoscopy was not a voluntary, routine procedure Instead, the test was scheduled in order to determine the cause of Plaintiff's stomach pain Plaintiff told his supervisor that Plaintiff needed to find out what was wrong.

8       In response to Plaintiff's request for time off, Plaintiff's supervisor, who was acting in the course and scope of his employment for Defendants, told Plaintiff to reschedule the

colonoscopy for a later date. Plaintiff's supervisor also told Plaintiff to be at work on August 23rd and 24th in order to prepare for a joint commission survey. Plaintiff, however, followed his doctor's orders and took off the two days. Defendants then fired Plaintiff for not reporting to work as requested.

9. Plaintiff had the colonoscopy on August 24, 2005. The preoperative diagnosis was as follows: "Recurrent worsening abdominal pain and cramping with multiple emergency room visits . . . ." The postoperative diagnosis was "[f]lare of Crohn's disease at the ileocolonic anastomosis." Plaintiff's treating physician, Dr. Lewis, determined that Plaintiff's stomach pain was due to a "Crohn's flare," and he told Plaintiff to resume Crohn's medications. Accordingly, the reason for the scheduled colonoscopy was treatment for Crohn's disease, a serious medical condition.

## IV. **FMLA**

10. Paragraphs 1-9 are incorporated by reference.

11. Plaintiff is an eligible employee within the meaning of the FMLA. Plaintiff was employed by Defendants for at least 12 months and for at least 1,250 hours of service during the 12-month period before Plaintiff's termination.

12 Defendants are employers within the meaning of the FMLA. Defendants are engaged in commerce or in an industry or activity affecting commerce and employ 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year.

13. Plaintiff was entitled to at least 12 work weeks of leave in 2005 because of his Crohn's disease, which is a serious health condition that made Plaintiff unable to perform the functions of his job.

14.     Plaintiff gave Defendants such notice as was practicable under the circumstances before the date leave was to begin. In particular, Plaintiff presented Defendants with a doctor's excuse and explained to Defendants' representatives that he needed a colonoscopy in order to find out what was causing his stomach pain. Moreover, Defendants were fully aware that Plaintiff had Crohn's disease because Plaintiff had been hospitalized for the disease during his employment with Defendants.

15.     Defendants knowingly and intentionally interfered with, restrained, and/or denied Plaintiff the exercise of his rights under the FMLA by refusing to grant Plaintiff leave and by discharging Plaintiff.

16.     All conditions precedent have been performed or have occurred prior to filing this suit.

## V. <u>DAMAGES</u>

17.     Paragraphs 1-16 are incorporated by reference.

18.     Plaintiff suffered the following injuries as a direct and proximate result of Defendants' unlawful conduct:

a.     Plaintiff was discharged from employment with Defendants. Although Plaintiff has diligently sought other employment, he has been unable to find a job at comparable pay.

b.     Plaintiff has suffered a substantial loss of income, in the past and into the future. Accordingly, Plaintiff seeks compensation for all lost wages.

c.     Plaintiff has suffered a loss of past and future employment benefits. Accordingly, Plaintiff seeks compensation for all lost employment benefits

d.  Plaintiff is further entitled to prejudgment and post-judgment interest on all sums, including attorney fees and costs awarded in this action.

e.  Defendants' conduct was an intentional and willful violation of the FMLA. Thus, Plaintiff is entitled to an award of liquidated damages within the meaning of the FMLA

## VI. **ATTORNEY FEES**

19.  Paragraphs 1-18 are incorporated by reference.

20.  It was necessary for Plaintiff to hire the undersigned attorneys to file this lawsuit.

Upon judgment, Plaintiff is entitled to an award of attorney fees and costs under the FMLA

## VII. **PRAYER**

21.  **FOR THESE REASONS**, Plaintiff asks the Court for judgment against Defendants

for the following:

a.  Award Plaintiff actual damages, including, but not limited to, back pay, front pay, and all damages for past or future lost employment benefits;

b.  Award Plaintiff attorney fees and costs;

c  Award Plaintiff liquidated damages within the meaning of the FMLA on account of Defendants' intentional and willful violation of the FMLA

d.  Award Plaintiff pre and post-judgment interest at the maximum rate allowed by law; and

e.  Award Plaintiff any and all additional relief to which he is entitled, at law or in equity.

Respectfully submitted,

**CLARK, LEA, AINSWORTH & PORTER**

Charles H. Clark
TSBA No. 04274000

Gregory S. Porter
TSBA No. 24002785

604 Woldert Street
P. O. Box 98
Tyler, Texas 75710
Phone: (903) 593-2514
Facsimile: (903) 595-1294

**ATTORNEYS FOR PLAINTIFF**



# RETURN TO WORK

Patient: Kelley Littlefield          Date: 8/22/2005

Under care from: 8/23/2005 to: 8/24/2005

Return to work on: 8/25/2005

Follow up appointment scheduled: 8/30/2005 at: 3:15 am/pm

Illness or injury: _____

○ Restrictions          ○ Light Work          ☑ Normal Work

Comments: To have a colonoscopy

Practitioner Signature: _[signature]_

**Perry C. Lewis, M.D.**
Gastroenterologist
707 Hollybrook
Suite 204
Longview, TX 75605
Tel: 903-232-1875 · Fax: 903-232-8902



ALL-STATE LEGAL® EXHIBIT "A"